IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRUCE DAVID SUTTON                    )<br>                                       )<br>            Plaintiff,                )<br>     vs.                               )<br>                                       )  Civil Action No. CIV-20-523-G<br> EQUIFAX INFORMATION                   )<br> SERVICES LLC                          )  JURY TRIAL DEMANDED<br>                                       )<br>            Defendant.                )  COMPLAINT<br>                                       ) | |

## COMPLAINT

1. This is an action for damages brought by an individual consumer against Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. § 1681 *et seq.*

## PARTIES

2. Plaintiff Bruce David Sutton is an adult individual who resides in the State of Oklahoma.

3. Defendant Equifax Information Services LLC (hereafter "EQ") is a business entity that regularly conducts business in the Western District of Oklahoma, and which has a principal place of business located at 1500 Peachtree St. NW, Atlanta, GA 30309.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §1331, 1337.

5. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

## FACTUAL ALLEGATIONS

6. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information") from at least December 2019 through the present.

7. The inaccurate information includes, but is not limited to, a collection account with FCS, and personal identifying information.

8. The FCS collection account arose out of transactions which were primarily for personal, family or household purposes (hereafter the "debt").

9. At all times pertinent hereto, Plaintiff was not responsible for the debt.

10. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff. Due to Defendant's faulty procedures, Defendant mixed the credit file of Plaintiff and that of another consumer with respect to the inaccurate information and other personal identifying information.

11. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown.

12. Plaintiff has disputed the inaccurate information with Defendant by both oral and written communications to its representatives and by following EQ's established procedures for disputing consumer credit information.

13. Plaintiff has disputed the inaccurate information with EQ from December 2019 through the present.

14. Notwithstanding Plaintiff's efforts, EQ has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and EQ continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. EQ has repeatedly published and disseminated consumer reports to such third parties from at least December 2019 through the present.

15. Despite Plaintiff's efforts, EQ has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and (5) performed any handwriting analysis.

16. Despite Plaintiff's exhaustive efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to report on the results of its reinvestigations to all credit reporting agencies, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about the Plaintiff.

17. Plaintiff has applied for and has been denied various loans and extensions of consumer credit on many different occasions, and Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's credit reports and that the inaccurate information was a substantial factor for those denials.

18. Plaintiff's credit report and file have been obtained from Defendant and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown. Plaintiff's credit reports have been obtained from Defendant by such third parties from at least December 2019 through the present.

19. As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

20. Defendant knew of and should have known that its actions violated the FCRA. Additionally, Defendant could have taken the steps necessary to bring its agents' actions within compliance of the statutes but neglected to do so and failed to adequately review those actions to ensure compliance with said laws.

21. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

22. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I – EQUIFAX

## VIOLATIONS OF THE FCRA

23. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24. At all times pertinent hereto, EQ was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

4

25. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

26. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

27. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, EQ is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e and 1681i.

28. The conduct of EQ was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

29. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendant, based on the following requested relief:

    (a) Actual damages;

    (b) Statutory damages;

    (c) Punitive damages;

    (d) Costs and reasonable attorney's fees; and

    (e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

*s/ Victor R. Wandres*
Victor R. Wandres, Esq.
PARAMOUNT LAW
4835 South Peoria Avenue, Suite 1
Tulsa, OK 74105
T: 918-200-9272
F: 918-895-9774
E: victor@paramount-law.net