## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

BRUCE DAVID SUTTON,

          Plaintiff,

    v.

EQUIFAX INFORMATION SERVICES
LLC,

          Defendant.

Civil Action No. 5:20-cv-00523-G

## EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

Equifax Information Services LLC ("Equifax" or "Defendant"), by and through its undersigned attorneys, responds to Plaintiff's Complaint ("Complaint") as follows:

## PRELIMINARY STATEMENT

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants.  Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

## ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

**COMPLAINT ¶1:**

This is an action for damages brought by an individual consumer against Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. § 1681 *et seq.*

**ANSWER:**

Equifax admits Plaintiff is an individual consumer that brought an action for damages for alleged violations of the FCRA but Equifax denies any violations and denies Plaintiff is entitled to any damages.

## PARTIES

**COMPLAINT ¶2:**

Plaintiff Bruce David Sutton is an adult individual who resides in the State of Oklahoma.

**ANSWER:**

Equifax admits Plaintiff is an adult individual but otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 2, and therefore denies same.

**COMPLAINT ¶3:**

Defendant Equifax Information Services LLC (hereafter "EQ") is a business entity that regularly conducts business in the Western District of Oklahoma, and which has a principal place of business located at 1500 Peachtree St. NW, Atlanta, GA 30309.

**ANSWER:**

Equifax denies the allegations in Paragraph 3 except that the business location is in Atlanta, Georgia.

## JURISDICTION AND VENUE

**COMPLAINT ¶4:**

Jurisdiction of this Court arises under 15 U.S.C. § 1681 p, 28 U.S.C. § 1331, 1337.

**ANSWER:**

Equifax admits the Court has federal question jurisdiction of this matter under 15 U.S.C. § 1681p and denies the remaining allegations.

**COMPLAINT ¶5:**

Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**ANSWER:**

Equifax denies the allegation in Paragraph 5.

**COMPLAINT ¶6:**

## FACTUAL ALLEGATIONS

Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiffs credit history to third parties (hereafter the "inaccurate information") from at least December 2019 through the present.

**ANSWER:**

Equifax denies the allegation in Paragraph 6.

**COMPLAINT ¶7:**

The inaccurate information includes, but is not limited to, a collection account with FCS, and personal identifying information.

**ANSWER:**

Equifax denies the allegations in Paragraph 7.

**COMPLAINT ¶8:**

The FCS collection account arose out of transactions which were primarily for personal, family or household purposes (hereafter the "debt").

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 8, and therefore denies same.

**COMPLAINT ¶9:**

At all times pertinent hereto, Plaintiff was not responsible for the debt.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 9, and therefore denies same.

**COMPLAINT ¶10:**

The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.  The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff.  Due to Defendant's faulty procedures, Defendant mixed the credit

file of Plaintiff and that of another consumer with respect to the inaccurate information
and other personal identifying information.

**ANSWER:**

Equifax denies the allegations in Paragraph 10.

**COMPLAINT ¶11:**

Defendant has been reporting the inaccurate information through the issuance of
false and inaccurate credit information and consumer credit reports that it has
disseminated to various persons and credit grantors, both known and unknown.

**ANSWER:**

Equifax denies the allegations in Paragraph 11.

**COMPLAINT ¶12:**

Plaintiff has disputed the inaccurate information with Defendant by both oral and
written communications to its representatives and by following EQ's established
procedures for disputing consumer credit information.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the
allegations in Paragraph 12, and therefore denies same.

**COMPLAINT ¶13:**

Plaintiff has disputed the inaccurate information with EQ from December 2019
through the present.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 13, and therefore denies same.

**COMPLAINT ¶14:**

Notwithstanding Plaintiffs efforts, EQ has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and EQ continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.  EQ has repeatedly published and disseminated consumer reports to such third parties from at least December 2019 through the present.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 14, and therefore denies same.

**COMPLAINT ¶15:**

Despite Plaintiffs efforts, EQ has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiffs disputes; (2) contacted any third parties that would have relevant information concerning Plaintiffs disputes; (3) forwarded any relevant information concerning Plaintiffs disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and (5) performed any handwriting analysis.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

allegations in Paragraph 15, and therefore denies same.

**COMPLAINT ¶16:**

Despite Plaintiffs exhaustive efforts to date, Defendant has nonetheless

deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to

perform reasonable reinvestigations of the above disputes as required by the FCRA, has

failed to remove the inaccurate information, has failed to report on the results of its

reinvestigations to all credit reporting agencies, has failed to note the disputed status of

the inaccurate information and has continued to report he derogatory inaccurate

information about the Plaintiff.

**ANSWER:**

Equifax denies the allegations in Paragraph 16.

**COMPLAINT ¶17:**

Plaintiff has applied for and has been denied various loans and extensions of

consumer credit on many different occasions, and Plaintiff has been informed that the

basis for these denials was the inaccurate information that appears on Plaintiffs credit

reports and that the inaccurate information was a substantial factor for those denials.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the

allegations in Paragraph 17, and therefore denies same.

**COMPLAINT ¶18:**

Plaintiff's credit report and file have been obtained from Defendant and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown.  Plaintiff's credit reports have been obtained from Defendant by such third parties from at least December 2019 through the present.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 18, and therefore denies same.

**COMPLAINT ¶19:**

As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

**ANSWER:**

Equifax denies the allegations in Paragraph 19.

**COMPLAINT ¶20:**

Defendant knew of and should have known that its actions violated the FCRA. Additionally, Defendant could have taken the steps necessary to bring its agents' actions within compliance of the statutes but neglected to do so and failed to adequately review those actions to ensure compliance with said laws.

**ANSWER:**

Equifax denies the allegations in Paragraph 20.

**COMPLAINT ¶21:**

At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

**ANSWER:**

Equifax denies the allegations in Paragraph 21.

**COMPLAINT ¶22:**

At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

**ANSWER:**

Equifax denies the allegations in Paragraph 22.

<u>**COUNT I — EQUIFAX**</u>

<u>**VIOLATIONS OF THE FCRA**</u>

**COMPLAINT ¶23:**

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**

Equifax restates the answers to the foregoing paragraphs in response to Paragraph 23.

**COMPLAINT ¶24:**

At all times pertinent hereto, EQ was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

**ANSWER:**

Equifax admits is acted as a "consumer reporting agency" as defined by the FCRA in regards to Plaintiff's claim.

**COMPLAINT ¶25:**

At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**ANSWER:**

Equifax admits the allegations in Paragraph 25.

**COMPLAINT ¶26:**

At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 26, and therefore denies same.

**COMPLAINT ¶27:**

Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, EQ is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e and 1681i.

**ANSWER:**

Equifax denies the allegations in Paragraph 27.

**COMPLAINT ¶28:**

The conduct of EQ was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive 'damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, .as may be permitted by law.

**ANSWER:**

Equifax denies the allegations in Paragraph 28 and denies Plaintiff is entitled to any damages.

**JURY TRIAL DEMAND**

**COMPLAINT ¶29:**

Plaintiff demands trial by jury on all issues so triable.

**ANSWER:**

Equifax admits Plaintiff requests a jury trial. Equifax denies that Plaintiff is entitled to a trial by jury as to any equitable claims or claims for equitable relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment in Plaintiffs favor and damages against

Defendant, based on the following requested relief:

      (a)     Actual damages;

      (b)     Statutory damages;

      (c)     Punitive damages;

      (d)     Costs and reasonable attorney's fees; and

      (e)     Such other and further relief as may be necessary, just and proper.

**ANSWER:**

Equifax denies Plaintiff is entitled to any damages, attorney's fees, costs or any

relief whatsoever.


## **AFFIRMATIVE AND OTHER DEFENSES**

Without assuming the burden of proof where it otherwise rests with Plaintiff,

Equifax asserts the following affirmative and other defenses to the Complaint:

### **FIRST DEFENSE**

Equifax is not subject to general or specific jurisdiction in this Court as to the

claims brought by Plaintiff against it.  Equifax is neither incorporated nor headquartered

in Oklahoma, and the conduct giving rise to Plaintiff's claim occurred outside of

Oklahoma and was not targeted at Oklahoma.

### **SECOND DEFENSE**

This Court lacks personal jurisdiction over Equifax.

## THIRD DEFENSE

This Court is not the proper venue as to the claims Plaintiff brings against Equifax because the Court lacks personal jurisdiction over Equifax and because Plaintiff's service of process was insufficient.

## FOURTH DEFENSE

Facially and as applied, the FCRA violates the First Amendment to the U.S. Constitution by imposing unconstitutional content-, viewpoint-, and speaker-based restrictions on speech. The FCRA is also unconstitutionally vague and overbroad because it fails to define "consumer report" and other key terms sufficiently to allow persons to understand what speech the law prohibits, and the law prohibits much speech that the First Amendment to the U.S. Constitution protects. In addition, Equifax's accurate reporting of information is protected by the First Amendment to the U.S. Constitution, which prohibits content-, viewpoint-, and speaker-based regulations of speech except in narrowly tailored circumstances not present in this action.

THEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)     Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)     it be dismissed as a party to this action; and

(3)     it recover such other and additional relief as the Court deems just and appropriate.

13

DATED: August 27, 2020                      Respectfully submitted,

                                            EQUIFAX INFORMATION SERVICES
                                            LLC


                                            By:*/s/ Maris Skinner*
                                                 Maris Skinner, OBA #31709
                                                 mskinner@meehoge.com
                                                 Mee Hoge PLLP
                                                 50 Penn Place, Suite 1400
                                                 1900 NW Expressway
                                                 Oklahoma City, OK  73118
                                                 Phone: 405-848-9100
                                                 Fax: 405-848-9101

                                                 *Counsel for Defendant*
                                                 *Equifax Information Services LLC*

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that a true and correct copy of the above and foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Victor R. Wandres, Esq.
PARAMOUNT LAW
4835 South Peoria Avenue, Suite 1
Tulsa, OK 74105
victor@paramount-law.net

*Counsel for Plaintiff*

Geoffrey H Baskerville
Francis Mailman Soumilas PC
1600 Market St
Suite 2510
Philadelphia, PA 19103
215-735-5600
Fax: 215-940-8000
Email: gbaskerville@consumerlawfirm.com

*Counsel for Plaintiff*

This 27th day of August, 2020.

*/s/ Maris Skinner*
Maris Skinner